United States District Court
for the
Southern District of Indiana

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 JUN 25  PM 3: 50
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Marie Potts,  )
    *Plaintiff*,  )
  )
v.  )  Case No.
  )
Delta Air Lines, Inc.,  )  **1:13-cv-1016 SEB -MJD**
    *Defendant*.  )

### Complaint for Damages

Plaintiff Marie Potts ("Marie"), by counsel, files her Complaint for Damages, and in support hereof, states as follows:

### Parties and Jurisdiction

1. Marie was at all relevant times a resident of Hendricks County, Indiana.

2. Defendant Delta Air Lines, Inc. ("Delta") is a for-profit foreign corporation incorporated under the laws of the State of Delaware, with its principle place of business in Atlanta, Georgia.

3. Delta was at all relevant times a common carrier in the business of transporting passengers for hire, and was issued a Foreign Air Carrier permit by the United States of America.

4. Delta was at all relevant times in the business of selling tickets for international carriage of passengers.

5. Delta was at all relevant times in the business of flying passengers between (1) Fort Wayne, Indiana, (2) Detroit, Michigan, and (3) Rome, Italy.

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under the laws, regulation, and treaties of the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air

(the "Montreal Convention"), reprinted in S. TREATY DOC. NO. 106-45 (2000), 1999 WL 33292734.

7. Venue is proper in this Court pursuant to Article 33 of the Montreal Convention because, at the time of the accident, Plaintiff had her principle and permanent residence in Brownsburg, Indiana, and Delta operated services for the carriage of passengers by air from premises leased or owned by Delta, or by another carrier with which it has a commercial agreement, at the Indianapolis International Airport, in Indianapolis, Indiana.

**Facts**

8. In 2011, Marie purchased a round-trip ticket for a Delta flight from Fort Wayne, Indiana, to Rome, Italy, with a connecting flight in Detroit, Michigan.

9. Marie purchased the flight directly from Delta.

10. On July 6, 2011, Marie flew as a ticketed passenger on Delta Flight 236 from Detroit to Rome.

11. While en route to Rome, a male Delta flight attendant spilled hot coffee in Marie's lap.

12. As a result, Marie suffered personal injuries and damages, including burns to her legs, scarring, emotional distress, lost time, medical expenses, and anticipated future medical expenses.

**Claims under the Montreal Convention**

13. Marie incorporates all preceding paragraphs as though fully set forth below.

14. The Delta flight attendant spilling coffee in Marie's lap and Marie's resulting injury took place on board the aircraft during Flight 236.

15. The Delta flight attendant spilling coffee on Marie constitutes an accident in that it was an unexpected or unusual event or happening external to the passenger, Marie, and was a causal link to her injury.

16. Under the Montreal Convention, Delta is strictly liable to Marie for all damages Marie suffered up to and including 113,100 Special Drawing Rights (SDRs).[1]

17. Delta is also liable to Marie for any damages in excess of 113,100 SDRs.

18. As a common carrier, Delta—including its agents, servants, and employees—owed the highest duty of care to its passengers, including Marie.

19. Delta was negligent in spilling coffee on Marie's lap.

20. Delta's negligent acts or omissions proximately caused Marie to suffer personal injuries and damages.

21. Accordingly, pursuant to Article 21 of the Montreal Convention, Delta is also liable to Marie for any damages in excess of 113,100 SDRs.

*[Rest of page intentionally left blank]*

---

[1] A SDR is an artificial currency, the exchange rate for which is published daily by the International Monetary Fund. The value of an SDR fluctuates based on the global currency market, and, under Article 23 of the Montreal Convention, is determined "at the date of the judgment." *Shah v. Kuwait Airways Corp.*, 653 F. Supp. 2d 499, 504 n. 3 (S.D.N.Y. 2009), vacated and remanded on other grounds, 387 F. App'x 13 (2d Cir. 2010). As of the drafting of this complaint, one SDR is equivalent to 1.51 United States Dollars.

When the Montreal Convention came into force in November 2003, the strict liability limit in Article 21 was 100,000 SDRs. However, Article 24 of the Montreal Convention provides that the limits of liability shall be reviewed by the Depositary, International Civil Aviation Organization (ICAO) at five-year intervals to determine whether the liability limits need to be revised for inflation. In 2009, ICAO advised that the levels of the limits of liability would be revised to 113,100 SDRs (approximately $170,000). Pursuant to Article 24 of the Montreal Convention, the revisions became effective six months following notice from the ICAO.

WHEREFORE, Marie respectfully requests a judgment against Delta in an amount that will fully and fairly compensate her for her damages, for the costs of this action, and for all other relief available under the law.

Respectfully submitted,

_____
David R. Thompson (#28806-29)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
The Chase Tower
111 Monument Circle, Suite 3540
Indianapolis, IN 46204
Phone: (317) 916-0000
Fax: (317) 955-1844
E-Mail: dthompson@robertkinglaw.com